IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE KAY KILGORE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 2:13-CV-304-SLB |
| ) | |
| TRUSSVILLE DEVELOPMENT, LLC, ) | |
| d/b/a HILTON GARDEN, INC., ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION**

This case is presently before the court on defendant's Motion for Summary Judgment and defendant's Motion to Strike. (Docs. 11 and 25.)[1] Plaintiff filed a Response in Opposition to the Motion for Summary Judgment (Doc. 24), and an Opposition to the Motion to Strike. (Doc. 27.) Defendant also filed a Reply to Plaintiff's Response in Opposition to the Motion for Summary Judgment. (Doc. 26.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court finds as follows:

**I.  SUMMARY JUDGMENT STANDARD**

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Fed.R. Civ.P 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986). An issue is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is "genuine" if the record taken as a whole could lead a rational

---

[1]Reference to a document number ("Doc. ___") refers to the number assigned to each document as it is filed in the court's record.

trier of fact to find for the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Nevertheless, the non-moving party "need not be given the benefit of every inference, but only of every *reasonable* inference." *Graham v. State Farm Must. Ins. Co.*, 193 F.3d 1274,1282 (11th Cir. 1999) (citing *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988) (emphasis added).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). The language of Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[2]  *Celotex Corp.,* 477 U.S. at 322-23.

---

[2]Rule 56(c)(1), Fed.R.Civ.P., states as follows:

(1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A)   citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or

## II.  STATEMENT OF FACTS[3]

Plaintiff sues her past employer, *pro se*, for race discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq*., and for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.  Plaintiff is a 65 year old Caucasian female. (Doc. 24-3, Kilgore Aff. (Ex. PP), ¶ 1.)

In the light most favorable to Plaintiff, the scant evidence before the court reflects that Plaintiff began working for Hilton Garden Inn, Liberty Park, in September 2010.  (Doc. 11-1, Plaintiff's Interrogatory Responses.)  Plaintiff transferred to defendant owned Hilton Garden Inn, Trussville, to work as a front desk agent in December 2011.  (Doc. 4, ¶ 18.)  Quincey Beckwith was the front desk manager at all relevant times.  (Doc. 11-2, Beckwith Aff., ¶ 2.)  In February 2012 Joe Malik become General Manager for that hotel.  (Doc. 4, ¶ 19.)  According to Plaintiff's affidavit, Malik (a Caucasian male), made comments concerning Plaintiff's age and race in February and April 2012.[4]  (Doc. 24-3, Kilgore Aff., ¶¶ 4, 8-9, 10.)

---

other materials; or
(B)   showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Federal Rules of Civil Procedure Rule 56.

[3]As required when determining a motion for summary judgment, the court has construed the facts in the light most favorable to plaintiff, the nonmoving party.  All disputed facts are resolved in her favor, and all reasonable inferences arising from the facts are drawn in her favor. *See e.g.,Zaben v. Air Prods. & Chems, Inc.*, 129 F.3d 1453, 1455 (11th Cir. 1997).

[4]Neither party disputes that Malik, like Plaintiff, is Caucasian.  Defendant suggests Malik is over age 50, but has provided no evidence of the same. (*See* Doc. 11, ¶ 3.)  Plaintiff does not reference Malik's age at all.

Specifically, on some unspecified date in "late-February of 2012" Malik told Plaintiff "You are old, Katie. Where's your sense of humor...." (Doc. 24-3, Kilgore Aff., ¶ 3.) Malik then laughed and told Plaintiff to return to work. (*Id.*) Approximately a week later, the Housekeeping Manager went to Malik with a complaint about the plaintiff to which Malik told Plaintiff, "You're a stubborn, old woman, who either won't listen or can't hear what you're being told to do. This business between you and Cretta better stop, and stop now: you'll never win these battles; you're the wrong color, lady." *(Id.)* In April 2012 Plaintiff claims she and the Housekeeping Manager had another dispute, after which Malik told the Plaintiff, "Like I've said before, Katie, you're never going to win these battles; you're the wrong color, and, frankly, you're too old to fight the fight...." (*Id.*, ¶ 8.) Several days later, in response to a dispute between Plaintiff and another supervisor, Malik whispered to Plaintiff, "The old lady wins one; but it ain't over yet." (*Id.,* ¶ 9.) That same supervisor, Quincey Beckwith, later called Plaintiff "You old white Bi..." (*Id.*, ¶ 10.) Plaintiff did not hear the last word of this statement. (*Id.*) Plaintiff was terminated by Defendant on June 6, 2012. (*Id.*, ¶ 11.)

Beckwith avers that Defendant received complaints regarding Plaintiff being rude to Defendant's hotel guests. (Doc. 11-2, Beckwith Aff., ¶ 4.) Plaintiff received a written reprimand in April 2012. That reprimand, dated April 19, 2012, states that a guest requested Plaintiff to check the lost and found for a missing tie, to which Plaintiff responded she was too busy and had already looked through the lost and found once. (Doc. 11-2, Exh. at 4-5.) He asked if she could look again, at which point another employee intervened and stated she would look for it. (*Id.*) The following day, while meeting with Plaintiff due to this incident, Quincey Beckwith documented that Plaintiff

stated "she was prejudice[d]." (*Id*., at 6.)  Beckwith also documented that Plaintiff was told she would be terminated for another bad report. (*Id*.)

In June 2012 a negative guest survey (referred to by Defendant as a "SALT survey") was received and, upon investigation, Defendant believed the employee responsible for offending the guest was Plaintiff. (Doc 11-2, Beckwith Aff. ¶¶ 5-6.)  Due to this incident, Beckwith and Malik jointly made the decision to terminate plaintiff. (*Id*., ¶ 7.)  According to Beckwith, Plaintiff was terminated because of her "continually poor attitude towards [Defendant's] guests. (Doc. 11-2 Beckwith Aff. ¶ 9; doc. 11-2, Exh. at 7-9.)

Plaintiff was offered a job Defendant's laundry prior to her termination, but she declined. (Doc. 11-2, Beckwith Aff., ¶ 8.)  According to Plaintiff, this offer was actually made in February 2012. (Doc. 24-3, Kilgore Aff., ¶ 4).

The plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated and retaliated against her on the basis of her age and race on June 15, 2012. (Doc. 4, ¶ 14; Doc. 24-3, at 32-33).  She received a Notice of Right to Sue letter on November 21, 2012 and filed this action on February 13, 2013 (Doc. 1; Doc. 4, ¶ 15).

### III.  DISCUSSION

*Race Discrimination* (Count I)

A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004), citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133,

147-48, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000).

As the court can find no direct evidence of discrimination,[5] the court must apply the three prong test fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973), as required for circumstantial evidence. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981). First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-1528 (11th Cir. 1997). Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir.1996).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n.10. The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris*, 99 F.3d at 1083.

---

[5] Although the plaintiff argues that Malik's comments are direct evidence of discriminatory animus, they are not, for the reasons explained herein.

An employer's stated reason is not a pretext unless it is shown that both: (1) the reason was false; and (2) the real reason was unlawful. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). A plaintiff may show a pretext either "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Burdine, 450 U.S. at 256, 101 S.Ct. at. 1095. In both instances, a plaintiff must show pretext with "concrete evidence in the form of specific facts." *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). Mere "conclusory allegations and assertions" will not suffice. *Id.*

The plaintiff meets her prima facie burden of proving racially discriminatory discharge by establishing that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she was terminated despite her qualifications, and (4) she was replaced by someone outside her protected class. *Connelly v. Metropolitan Atlanta Rapid Transit Authority,* 764 F.3d 1358, 1364 (11th Cir. 2014) (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003) (stating that an employee must be "replaced by a person outside his protected class" to establish prima facie case of discrimination (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824)). The fourth element of plaintiff's prima facie case may also be stated as that "her employer treated similarly situated employees [outside her class[ more favorably." *McCann v. Tillman,* 526 F.3d 1370, 1373 (11th Cir. 2008). "To show that employees are similarly situated, the plaintiff must show that the employees are similarly situated in all relevant respects...." *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (internal quotation marks omitted). The plaintiff fails to meet this burden regardless of which version of the fourth prong the court applies.

The court has carefully read the evidentiary submissions. Lacking from the submissions is any evidence at all that the plaintiff was treated any differently than any other employee, regardless of race, about whom guests complained. Plaintiff's allegations and affidavit establish that she believed she was treated poorly by Malik. Her affidavit establishes that Malik made comments to her based on her race (and age). It does not provide evidence that Plaintiff was treated any differently than an individual outside her protected class, nor does it establish that she was replaced by someone of a different race.

Even if Plaintiff could satisfy her prima facie burden, Defendant has provided an explanation for its actions that is not discriminatory in nature. *See e.g., Schoenfeld v. Babbitt*, 168 F.3d 1257, 1269 (11th Cir. 1999). Defendant asserts the plaintiff was terminated from her position due to complaints from guests about her demeanor. Thus, the burden returns to Plaintiff to establish Defendant's stated reason was a mere pretext for discrimination, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005)).

Plaintiff again fails to meet this burden as she simply disputes defendant's allegation, claiming that Defendant has not proven the complaints about her were legitimate. (Doc. 24, at 9.) She states only that the guest in question failed to identify her by name and that the defendant has not produced an affidavit from that guest. (*Id.*) She does not assert that she was not the front desk clerk about whom the guest complained. "[I]f the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the

discharge is not 'because of race' and the employer has not violated [Title VII]." *Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987). Courts may not be concerned with whether an employment decision is prudent or fair, but only with whether it was motivated by unlawful animus. *Damon v. Fleming Supermarkets of Fla.*, 196 F.3d 1354, 1361 (11th Cir. 1999). An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984). In other words, "[i]f the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it[;] ... [q]uarreling with that reason is not sufficient." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004) (internal citation omitted) (emphasis added).

For the reasons stated herein, Plaintiff has failed to meet her burden. Although Plaintiff disputes numerous "facts" set forth by the defendant, none of those facts are "material" facts. For example, whether Malik acted on his own in terminating Plaintiff, or jointly with Beckwith, is not a material fact. (Doc. 24 at 8-9.) Similarly, whether the lawsuit "purports" or "alleges" does not matter. (Doc. 24, at 8.) The material facts include that defendant believed plaintiff was the employee about whom a guest complained concerning rudeness, this was not the first complaint Defendant received about Plaintiff, and Defendant terminated Plaintiff based on this complaint.[6] In short, none

---

[6] In response to an Interrogatory, Plaintiff stated that she "received no factual information from any individual concerning her termination and/or the allegations stated in the Plaintiff's Amended Complaint." (Doc.11-2 at 9-10). In her Response to the Motion for Summary Judgment, the plaintiff asserts that "[s]he was waiting to be deposed to testify under oath as to her personal knowledge and to take the depositions of several people. The defendant accepted the plaintiff's answer as given, without requesting further clarity." (Doc. 24, at 14). According to Plaintiff's argument, this creates a dispute as to Defendant's statement that "Plaintiff claims to have received no information from any individual concerning either her termination [or] the allegations states in her Amended Complaint." The court finds such disputes not to be material for purposes of defeating a motion for summary judgment.

of Plaintiff's arguments she claims create genuine issues of material fact actually do so. To the extent Plaintiff's arguments suggest that Defendant's proffered reason was based on incorrect information, such an error does not establish a genuine issue of material fact that the proffered reason was pretext for racial discrimination. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (explaining that Title VII is not concerned with the wisdom of an employer's decisions, so long as they "were not made with a discriminatory motive"). Plaintiff does not provide the court any evidence to "draw the reasonable inference" that Malik's actions were motivated by racial animus.

The court finds the evidence before the court does not support Plaintiff's allegation of race discrimination. Having considered the foregoing, the court finds that the plaintiff has failed to demonstrate any genuine issue of material fact on her claim of race discrimination, such that a jury could find in her favor on this claim. Therefore, defendant's motion for summary judgment on this claim will be granted by separate order.

*Age Discrimination* (Count II)

The ADEA prohibits an employer from discharging an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). The burden of proof for ADEA claims differs from the employment discrimination statutes. "[T]he ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174, 129 S.Ct. 2343, 2349, 174 L.Ed.2d 119 (2009). Instead, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Id*. at 177-178. A plaintiff may meet this burden by presenting direct or circumstantial evidence. *See Mora*

*v. Jackson Mem'l Fund, Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010). In general, a plaintiff may assert a prima facie case of unlawful age discrimination by alleging sufficient facts to show that: (1) she is a member of the protected group of persons over age forty; (2) she suffered an adverse employment action; (3) she was replaced by a person outside the protected group, or at least by a substantially younger person (or was rejected for a position in favor of the younger person); and (4) she was qualified for the job at issue. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir.1998); *see also O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (an ADEA plaintiff must show that she was replaced by someone "substantially younger," not necessarily by someone under age forty).

Plaintiff fails to establish her prima facie case. She has offered no evidence that she was replaced at all, let alone by someone "substantially younger" than her. Nothing in the evidence before this court could feasibly support a jury finding that Plaintiff would not have been terminated "but-for" her age. In the light most favorable to Plaintiff, her affidavit establishes that Malik called her "old" on several occasions.[7] She does not offer any evidence that, but for her age, Defendant would have retained her in the face of the guest complaints it received. Because of this complete lack of evidence that Plaintiff was discriminated against because of her age, the court shall grant Defendant's motion for summary judgment on this count of the complaint.

---

[7]Although Plaintiff argues Malik's comments are direct evidence of discrimination, Plaintiff lacks evidence of any nexus between the comments and her termination. An example of direct evidence would be a management memorandum stating, "Fire Plaintiff—she is too old." *See Damon v. Fleming Supermarkets, Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999), citing *Earley*, 908 F.2d at 1082; *see also Burrell v. Bd. of Trustees of Ga. Military College*, 125 F.3d 1390, 1393 (11th Cir. 1997) ("Assuming for the sake of argument that [the decision-maker] did, in fact, make the statement, it is not direct evidence of ... discrimination in Plaintiff's *termination*.") (emphasis in original).

## IV. CONCLUSION

Having considered the foregoing, and finding that Plaintiff has failed to establish any genuine issue of material fact on either claim in her complaint, the court finds Defendant's Motion for Summary Judgment (doc. 11) is due to be **GRANTED** on all counts of Plaintiff's complaint. An Order in accordance with this Memorandum Opinion with be entered contemporaneously herewith. Because this ruling renders the Defendant's Motion to Strike, (doc. 25), moot, the court shall enter an Order finding the same to be moot.

**DONE** this 30th day of March, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE