FILED
2017 Jul-31 PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **VALERIE KAY KILGORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CASE NO. 2:13-CV-0304-SLB** |
| ) | |
| **TRUSSVILLE DEVELOPMENT,** ) | |
| **L.L.C., doing business as Hilton** ) | |
| **Garden Inn,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on Plaintiff's Motion in Limine to Exclude Alleged Bad Acts and/or After-Acquired Evidence, (doc. 92),[1] filed by plaintiff Valerie K. Kilgore. She asks the court to exclude all "evidence of acts for which Kilgore was not disciplined [or] after-acquired evidence." (*Id*. at 1.) For the reasons set forth herein, the court **DENIES** Kilgore's Motion in Limine.

## MOTION IN LIMINE STANDARD

In general, the term "in limine" "refer[s] to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A ruling on evidence in limine "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. [It] also may save the parties time, effort and cost in preparing and presenting their cases." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, *1 (M.D. Ala. Feb. 20, 2001)(internal citations and quotations omitted). Nevertheless, "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. Thus, the motion in limine is an effective approach only if the evidence at issue is clearly inadmissible." *Id.* (citations omitted).

## DISCUSSION

Kilgore contends that defendant, Trussville Development Co., doing business as Hilton Garden Inn [hereinafter "HGI"], "desires to use random acts of alleged bad conduct to establish that Kilgore had other performance issues than that for which she was terminated. For example, some of the documents submitted to the EEOC by Defendant were created after Kilgore was terminated; thus, Defendant may intend to introduce 'after-acquired' evidence." (Doc. 92 at 1-2.) She contends HGI has waived the affirmative defense of after-acquired evidence by failing to raise it. (*Id.* at 3.) However, evidence of misconduct about which HGI knew at or before it terminated Kilgore is ***not*** "after-acquired evidence," even if the misconduct was not ***documented*** until after HGI terminated Kilgore.

The doctrine of after-acquired evidence applies to limit "boundaries of remedial relief in the general class of cases where, ***after termination***, it is ***discovered*** that the employee has

2

engaged in wrongdoing" that was "of such severity that the employee in fact would have been terminated on those grounds alone *if the employer had known of it at the time of the discharge*." *Holland v. Gee*, 677 F.3d 1047, 1064-65 (11th Cir. 2012)(quoting *McKennon v. Nashville Banner Publishing*, 513 U.S. 352, 361, 362-63 (1995))(internal quotations omitted; emphasis added). "Under the doctrine of after-acquired evidence, the burden is on the employer to prove that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone. Thus, it is an affirmative defense that an employer must plead in its answer or otherwise ensure that it is a subject of the pretrial order." *Id*. at 1065 (internal quotations and citations omitted).

However, conduct about which an employer knew at or before the time it decided to terminate the employee is not "after-acquired evidence." After-acquired evidence – misconduct that is *discovered* after the adverse decision is made – is not evidence of an employer's intent. As stated in *McKennon*, "The employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason." *McKennon*, 513 U.S. at 360. On the other hand, misconduct that the employer knew at or before the termination, even if undocumented, may be relevant to the decisionmaker's motivation. Such evidence of misconduct is not inadmissible based on the failure to plead the affirmative defense of after-acquired evidence doctrine.

Therefore, Kilgore's Motion in Limine, (doc. 92), is **DENIED**. However, Kilgore may renew her objection at trial should HGI seek to introduce evidence of misconduct it discovered after Kilgore's termination for the purpose of limiting her remedial relief.

**DONE** this 31st day of July, 2017.

_____
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE